## THE U. S. GRANT.[1]

### *In re* THE U. S. GRANT.

(*District Court, S. D. New York.* March 7, 1891.)

1. LIMITATION OF LIABILITY—VALUE OF OWNER'S INTEREST—SALE—AMOUNT OF BOND.
    In proceedings to limit the liability of a ship-owner, the price realized at a marshal's sale of the vesssel, though *prima facie* fixing the value for which a bond will be required, is not conclusive, and the court, upon cause shown, may require a bond for the actual value, as proved.

2. SAME—WHAT OWNER MUST SURRENDER.
    In order to obtain a limitation of liability with respect to claims arising upon a voyage subsequent to the accruing of previous liens the ship-owner must surrender the vessel, or her proceeds, free from such previous liens.

In Admiralty. On petition for limitation of liability.
*Carpenter & Mosher*, for petitioners.
*A. B. Stewart* and *Alexander & Ash*, opposed.

BROWN, J. *Prima facie* the price realized on the marshal's sale is deemed to be the value of the tug when sold; and the last clause in the fifty-seventh rule of the supreme court in admiralty permits the proceeds of such a sale to represent the vessel upon an application for a limitation of liability. It was certainly not the intention of that rule, however, to

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

enable the owners of the tug to obtain any unfair advantage in respect to the amount for which they should be accountable in limiting their liability under the statute; and where there is any reason to suspect that the sale was greatly below the market value of the vessel, or that the sale was made a means by which the former owners might reduce the amount for which they were responsible, while they indirectly retained the benefit of the vessel, I have no doubt that the court may relieve the parties interested by inquiring into the facts, and requiring a larger sum than the proceeds of the sale thus obtained. The libelant in the libel for repairs, under whose decree the vessel was sold, has an undoubted lien upon the vessel and her proceeds. There has not, as yet, been any decree in the damage suit, and there is nothing, therefore, to displace the repair lien. Accordingly, as I have already held in *Gokey* v. *Fort*, 44 Fed. Rep. 364, the petitioners, in order to limit their liability with respect to claims arising upon the third voyage after the repair lien accrued, must surrender the vessel, or her proceeds, free from that lien. They must, therefore, in any event, as the case now stands, give a bond for the whole amount in court, because that amount is less than the repair lien, and the amount now on deposit will, for aught yet known, be absorbed by that lien. As respects the damage claim not yet adjudicated, the libelants therein may, if desired, within five days take an order of reference to ascertain whether the sale by the marshal was for a sum greatly below the fair and reasonable value of the vessel at such a sale, and whether the same was purchased directly or indirectly for the benefit of the petitioners, or either of them; if so, what was the fair value of the vessel at the close of the voyage? such libelants, at the time of filing their order, to enter an appearance, and give security for the payment of the costs of such reference, if the price realized at the marshal's sale is finally sustained for the purpose of the petitioners' application; and the determination of the amount of the bond to be given by the petitioners is reserved until the coming in of said report, if such reference be taken. If not taken, a bond for the price realized at the marshal's sale will be approved.